CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 03, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CALBERT N. MATHEWS,
Plaintiff,
v.
FNP HEATHER GREEAR,
Defendant.

Case No. 7:26-cv-00853

**MEMORANDUM OPINION**

By: Hon. Thomas T. Cullen
United States District Judge

---

Plaintiff Calbert N. Mathews, proceeding *pro se*, filed this civil-rights action under 28 U.S.C. § 1983 against Defendant FNP Heather Greear. (*See* ECF No. 1.) Plaintiff did not pay the filing fee before filing his complaint and is instead seeking leave to proceed *in forma pauperis*. (*See id.*; ECF No. 2.)

Under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action without prepayment of fees, even upon meeting the *in forma pauperis* requirements, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). Court records indicate that Plaintiff has had at least three cases dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, including:

(i) *Matthews v. Food Service*, Case No. 7:13-cv-00603 (W.D. Va.) (dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1));

(ii) *Mathews v. Southwest Virginia Regional Jail*, Case No. 7:19-cv-00688 (W.D. Va.) (dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); and

(iii) *Mathews v. McCoy*, Case No. 7:21-cv-00111 (W.D. Va.) (dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1)).

Because Plaintiff has three "strikes" under § 1915(g), he is only eligible to proceed without prepaying the filing fee if he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception to the three-strikes rule "allows a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). Importantly, "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed," and "the exception focuses on the risk that the conduct complained of threatens continuing or future injury . . . ." *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). When a prisoner has three or more strikes and does not show imminent danger, the prisoner must pay the full filing fee before proceeding with his claims. *See Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006).

Here, Plaintiff alleges that Defendant has directed others at the Abingdon Regional Jail to crush Plaintiff's Suboxone tablets—rather than administer them whole and allow them to dissolve under his tongue—despite warnings on the bottle and FDA directives not to crush. (ECF No. 1 at 2–3.) He further alleges that crushing the pills before administering them can lead to withdrawal symptoms. (*Id.*) Plaintiff filed this action seeking damages and a court order requiring that Defendant stop this practice in order to prevent Plaintiff from experiencing symptoms of withdrawal. (*Id.*)

Because this court has recognized that opioid use disorder and symptoms of drug withdrawal qualify as serious medical needs, *see Davis v. Keller*, No. 7:23-cv-00593, 2024 WL 4326544, at *5 (W.D. Va. Sept. 27, 2024), and since Plaintiff's allegations plausibly suggest that

he is in danger of experiencing withdrawal symptoms in the immediate future if his medication is not administered in an approved manner, the court concludes that he qualifies for the narrow exception to § 1915(g)'s three-strikes provision. The court will therefore allow him the opportunity to apply for leave to proceed *in forma pauperis*.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 3rd day of November, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE